1  Amy Lynn Bennecoff Ginsburg (275805)
   Kimmel & Silverman, P.C.
2  30 East Butler Pike
3  Ambler, PA 19002
   Telephone: 215-540-8888
4  Facsimile: 215-540-8817
5  aginsburg@creditlaw.com
   Attorney for Plaintiff
6

7
                    **UNITED STATES DISTRICT COURT**
8          **FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

9                                        )   **Case No.:** '15 CV 2027 AJB JLB
10 **FABIAN VELOZ**                       )
                                          )   **COMPLAINT FOR DAMAGES**
11           **Plaintiff,**               )   **1. VIOLATION OF THE**
                                          )   **TELEPHONE CONSUMER**
12                                        )   **PROTECTION ACT, 47 U.S.C. §**
         **v.**                           )   **227, ET. SEQ.**
13                                        )
   **CREDIT ONE BANK,**                   )
14                                        )   **JURY TRIAL DEMANDED**
15           **Defendant.**               )
                                          )
16 _____    )

17

18                          **COMPLAINT**

19      FABIAN VELOZ ("Plaintiff"), by and through her attorneys, KIMMEL &

20 SILVERMAN, P.C., alleges the following against CREDIT ONE BANK

21 ("Defendant"):

22

23

24

25

26

27
                     PLAINTIFF'S COMPLAINT
28

**INTRODUCTION**

1.      Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. § 227, et. seq. ("TCPA").

**JURISDICTION AND VENUE**

2.      Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331.  See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3.      Defendant conducts business in the State of California and as such, personal jurisdiction is established.

4.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

**PARTIES**

5.      Plaintiff is a natural person residing in San Ysidro, California.

6.      Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7.      Defendant is foreign corporation with its principal place of business located at 585 Pilot Road, Las Vegas, Nevada 89119.

8.      Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

9.      Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10.     Plaintiff has a cellular telephone number that he has had for over a year.

11.     Plaintiff has only used this number as a cellular telephone number.

12.     Beginning in August 2015 and continuing through September 2015, Defendant called Plaintiff on his cellular telephone on a repetitive and continuous basis.

13.     When contacting Plaintiff on her cellular telephone, Defendant used an automatic telephone dialing system and automatic and/or pre-recorded messages.

14.     Each call began with an automatic/pre-recorded voice stating a message before Plaintiff was transferred to a live caller.

15.     Plaintiff never consented to Defendant calling his cellular telephone using an automatic telephone dialing system and automatic and/or pre-recorded messages.

PLAINTIFF'S COMPLAINT

16.     Defendant's telephone calls were not made for "emergency purposes." Rather Defendant was calling for an unknown third party named Mr. Jackson.

17.     Plaintiff told Defendant in late August 2015 that it was calling the wrong number and to stop calling.

18.     Despite informing Defendant in late August 2015 that he was not Mr. Jackson and to stop calling, Defendant continued to call him on his cellular telephone.

## DEFENDANT VIOLATED THE
## TELEPHONE CONSUMER PROTECTION ACT

19.     Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

20.     Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone using an automated message and/or prerecorded voice.

21.     Defendant initiated these automated calls to Plaintiff using an automatic telephone dialing system.

22.     Defendant's calls to Plaintiff were not made for emergency purposes.

23.     Defendant's calls to Plaintiff were made without consent.

24.     Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

- 4 -
PLAINTIFF'S COMPLAINT

25.    The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

26.    As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

WHEREFORE, Plaintiff, FABIAN VELOZ, respectfully prays for a judgment as follows:

  a.    All actual damages suffered pursuant to 47 U.S.C. §227(b)(3)(A);

  b.    Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3)(B);

  c.    Treble damages of $1,500 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

  d.    Injunctive relief pursuant to 47 U.S.C. §227(b)(3);

  e.    Any other relief deemed appropriate by this Honorable Court.

PLAINTIFF'S COMPLAINT

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, FABIAN VELOZ, demands a jury

trial in this case.


Respectfully submitted,


DATED: September 11, 2015        By: /s/ Amy Lynn Bennecoff Ginsburg
                                 Amy Lynn Bennecoff Ginsburg, Esq.
                                 (275805)
                                 Kimmel & Silverman, P.C.
                                 30 East Butler Pike
                                 Ambler, PA 19002
                                 Telephone: (215) 540-8888
                                 Facsimile (215) 540-8817
                                 Email: aginsburg@creditlaw.com
                                 Attorney for Plaintiff

PLAINTIFF'S COMPLAINT